This timely appeal comes on for consideration upon the record in the trial court and the parties' briefs. Appellant, Ronald Geiger (hereinafter "Geiger"), appeals the trial court's post-conviction determination that he is a sexual predator under R.C. Chapter 2950. For the following reasons, we affirm the decision of the trial court.
On September 30, 1998, Geiger was cutting the grass at Garfield school when the victim, age seven, and his two siblings, ages eight and ten, were playing on the playground. The children were curious and approached Geiger. When Geiger began to talk the eldest child suggested the children leave. Geiger told the children he knew their mommy and they could call him "Uncle Billy".
Geiger told the children they could take turns cutting the grass and the ones who were not cutting could sit on his lap. As the oldest child cut the grass, Geiger placed the middle child on his lap and kissed her on the mouth. She got off his lap and went over to the oldest child. Geiger then picked up the youngest child and placed him on his lap. He began to touch the child's genital area over his clothes and the child told him to stop. Geiger repeated he knew the child's mommy. Geiger then unzipped and pulled off the child's pants, unzipped his pants, and proceeded to anally penetrate the child. The child began to yell and his siblings ran over to help him. Before the children left Geiger threatened to hurt the children and their mother if they told anyone what happened.
On December 11, 1998, Geiger was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b). He then pled guilty to one count of attempted rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02. On January 26, 2000, the trial court conducted a joint sentencing and sexual predator hearing. The trial court sentenced Geiger to seven years incarceration and five years post release control and found him to be a sexual predator.
Geiger appeals the trial court's determination that he is a sexual predator asserting: 1) R.C. 2950 is unconstitutional, and; 2) the determination went against the manifest weight of the evidence. We affirm the decision of the trial court, because we conclude the statute is constitutional, and competent credible evidence existed to find Geiger a sexual predator by a clear and convincing standard.
The trial court determined Geiger was a sexual predator under R.C. 2950. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In order to properly adjudicate an offender a sexual predator, the dictates of R.C. 2950.09 must be followed. R.C. 2950.09(B)(2) requires the trial court to take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute:
 "In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct."
"After reviewing all testimony and evidence presented at the hearing, * * * the judge shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). Clear and convincing evidence is the evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122. While clear and convincing evidence is more than a preponderance of the evidence, it does not rise to the level of evidence beyond a reasonable doubt. State v. Ingram (1992),82 Ohio App.3d 341, 346.
Geiger's first assignment of error asserts Chapter 2950 of the Revised Code violates Article 1, Section 1 of the Ohio Constitution. He relies solely on State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported. Subsequent to filing his brief, the Ohio Supreme Court overruled that decision in State v. Williams (2000), 88 Ohio St.3d 513. The Supreme Court specifically held R.C. Chapter 2950 did not violate Article 1, Section 1 of the Ohio Constitution. This assignment of error is meritless.
In his second assignment of error Geiger claims the trial court's determination he is a sexual predator goes against the manifest weight of the evidence. The standard of review to be applied by the court to the trial court's decision is set forth in State v. Hardie (2001),141 Ohio App.3d 1:
 "Sexual predator classification proceedings under R.C. 2950.09 are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B); State v. Cook (1998), 83 Ohio St.3d 404, 408, (citations omitted). We will not reverse a trial court's determination that an offender is a sexual predator if some competent credible evidence supports it. State v. Morris (July 18, 2000), Washington App. No. 99CA47, unreported, (citations omitted); State v. Daugherty (Nov. 12, 1999), Washington App. No. 99CA09, unreported, (citations omitted); State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported, (citations omitted). This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence. Meade." Id., at p. 4.
Thus, Geiger will prevail upon appeal if we conclude the trial court as the trier of fact clearly lost its way, and finding Geiger is a sexual predator is not supported by the greater amount of credible evidence.
The statute does not require the court to list the criteria, only to "consider all relevant factors, including" the criteria in R.C.2950.09(B)(2) in making his or her findings. Cook, supra at 426. Furthermore, in a sexual predator hearing the Rules of Evidence are not strictly applied and the court can look to reliable hearsay, such as a pre-sentence investigation report. Id. at 425.
When examining the record it is clear the determination Geiger is a sexual predator does not go against the manifest weight of the evidence. The court's findings of fact in its judgment entry mirror the factors to be considered listed in R.C. 2950.09(B)(2). Geiger is forty and his victims were multiple and 7, 8, and 10 years of age. He has a history of sexual misconduct, and has not participated in any program for sexual offenders. The Court noted Geiger is borderline mentally retarded. Finally, he committed the sexual assault on school property. The only factors the trial court found in Geiger's favor are he did not use drugs or alcohol to impair the children and he did not display or threaten cruelty other than such inherent to the nature of the offense. Based upon this evidence the trial court's finding Geiger is a sexual predator is proper.
Moreover, even though the trial court's order found Geiger did not display or threaten cruelty other than such inherent to the nature of the offense, the statute does not dictate that a finding of cruelty be based upon a finding that the Defendant committed cruelty beyond or more than that which is inherent in the nature of the offense. The statute providesany displayed or threatened cruelty is to be considered when making a sexual predator determination. This court can think of nothing more cruel than to threaten harm to a victimized small child or to that small child's mother. Therefore, contrary to Geiger's argument, this is another finding to support the trial court's decision that he is a sexual predator.
Making reasonable inferences from the entire record we conclude, for all these reasons, it was not against the manifest weight of the evidence for the trial court to determine Geiger is a sexual predator. Accordingly, Geiger's second assignment of error is therefore meritless.
Having found each of Geiger's assignments of error to be meritless, we affirm the decision of the trial court.
Donofrio, J., Concurs, Waite, J., Concurs.