DECISION
{¶ 1} Defendant-appellant, Daniel Lee Barnes ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. 2950.09.
 {¶ 2} Subsequent to a violent altercation with his wife, Gay Barnes, appellant was indicted on two counts of rape, one count of kidnapping, and one count of felonious assault. After some delay, involving jury availability and a change in defense counsel, the case proceeded to trial on January 11, 1993. However, before the trial concluded, the trial court sustained defense counsel's oral motion for a mistrial to allow appellant to undergo a psychiatric evaluation.
 {¶ 3} Prior to submitting to that evaluation, appellant entered a guilty plea to the charge of felonious assault, a violation of R.C.2903.11. As part of the negotiated plea agreement with the state, both rape charges and the kidnapping charge were dismissed. The trial court accepted the guilty plea, and sentenced appellant to an indeterminate term of five to fifteen years.
 {¶ 4} On February 11, 2000, subsequent to the enactment of H.B. No. 180 and the recommendation of the Ohio Department of Rehabilitation and Correction, the Franklin County Court of Common Pleas conducted a sexual predator determination hearing pursuant to R.C. Chapter 2950. Thereafter, the trial court found appellant to be a sexual predator. However, on appeal, this court reversed the trial court's judgment and remanded the matter for further proceedings. State v. Barnes (Dec. 26, 2000), Franklin App. No. 00AP-291.
 {¶ 5} Subsequently, on February 12, 2002, the trial court held a second hearing to determine whether appellant should be labeled a sexual predator. Neither party presented witnesses or offered testimony. However, the state introduced numerous exhibits, including: certified copies of the original indictment, the guilty plea form, and the original sentencing entry; a transcript of the original trial proceedings held in 1993, accompanied by the state's trial exhibits; appellant's institutional records, including a post-sentence investigation report; and, finally, summaries of two municipal court case files of varied dispositions concerning charges of domestic violence filed against appellant by two different women from prior relationships. Although the defense raised objections to the trial transcript, the post-sentence investigation report, and the municipal court documents, the court admitted all of the state's exhibits. After hearing arguments from both counsel, as well as reciting its findings on the record, the court concluded the hearing. And, by judgment entry filed February 14, 2002, the trial court finalized its conclusion and declared appellant to be a sexual predator.
 {¶ 6} By timely appeal, appellant now raises the following assignments of error:
 {¶ 7} "First Assignment of Error
 {¶ 8} "The trial court committed reversible error by finding Defendant to be a sexual predator subject to the registration requirements of R.C. Chapter 2950 when the record does not establish that he committed a sexually oriented offense.
 {¶ 9} "Second Assignment of Error
 {¶ 10} "The trial court committed reversible error by finding Defendant to be a sexual predator subject to the registration requirements of R.C. Chapter 2950 when the record does not establish that the defendant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 11} "Third Assignment of Error
 {¶ 12} "The trial court erred in admitting a transcript of a previous court proceeding when that transcript contained in that transcript contained inadmissible testimony."
 {¶ 13} R.C. 2950.01(E) defines a "sexual predator" as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." To properly designate appellant as a sexual predator, the state must prove both elements of that definition-a determination of guilt for a sexually oriented offense and a predilection to commit another sexually oriented offense in the future-by clear and convincing evidence. R.C. 2950.01(E) and 2950.09(B)(4); State v. Eppinger (2001), 91 Ohio St.3d 158, 163. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, citing Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. Although amounting to more than a mere preponderance of the evidence, clear and convincing evidence does not demand the degree of certainty as in criminal cases requiring belief beyond a reasonable doubt. Id.
 {¶ 14} In sum, appellant's first and second assignments of error argue that the record lacks the clear and convincing evidence required to prove that he meets the definition of a sexual predator. Appellant first contends that the state failed to establish that felonious assault, the charge to which he pleaded guilty, is a sexually oriented offense. And, secondly, he asserts that the evidence fails to indicate that he is likely to commit any future offenses of a sexual nature. As an appellate court reviewing a sexual predator determination, it is our task to examine the record and determine whether the trial court indeed had sufficient evidence before it to satisfy the clear and convincing standard. State v. Jackson (June 29, 2000), Franklin App. No. 99AP-1250, citing State v. Johnson (Sept. 24, 1998), Franklin App. No. 97AP-1585. Because we find that the record reveals sufficient evidence to support the trial court's conclusion that appellant meets the statutory definition of a sexual predator, we affirm.
 {¶ 15} We first address appellant's contention that the state failed to establish that his conviction for felonious assault qualifies as a "sexually oriented offense" as defined in R.C. 2950.01. R.C.2950.01(D) provides various definitions of a sexually oriented offense, including a felonious assault "* * * that is committed with a purpose to gratify the sexual needs or desires of the offender." R.C. 2950.01(D)(3). According to appellant, the state failed to establish that he assaulted Gay Barnes in order to gratify his sexual needs or desires; therefore, the felonious assault conviction cannot constitute a sexually oriented offense.
 {¶ 16} "Whether or not an assault is classified as one which was committed with a purpose to gratify the sexual desires of the offender is a question of fact which rests upon the unique facts and circumstances of each offense." State v. Slade (Dec. 28, 1999), Franklin App. No. 98AP-1618. Furthermore, because a sexual predator determination hearing is a civil proceeding, we must presume that the stated findings of the trier of fact are correct. State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80. Thus, as previously mentioned, so long as there is sufficient evidence within the record to support the trial court's findings, we do not disturb that determination.
 {¶ 17} At appellant's sexual predator hearing, the trial court received several exhibits into evidence and listened to arguments by counsel. At the conclusion of that hearing, the court stated the following in finding that appellant's felonious assault was a sexually oriented offense:
 {¶ 18} "* * * [T]he indictment indicates a charge of rape, kidnapping, [and] felonious assault. There was a plea to the felonious assault as a negotiated plea before the case actually went to the jury.
 {¶ 19} "But there was evidence presented at the trial, which I think does show, at least by clear and convincing evidence, that a rape was committed. And it shows that * * * [appellant] was upset about allegations that Gay Barnes had been having sexual conduct with another male.
 {¶ 20} "He assaulted her quite violently and repeatedly, even to the point where her eyes were swollen shut; blocked her from jumping out the window, as there was evidence she had done on a prior occasion, to avoid assault; and then engaged in fellatio, which was no condition of consent because of the * * * long and hard beating that he had imposed. So I do find by clear and convincing evidence that it was a sexually oriented offense."
 {¶ 21} A review of the record indicates that there is ample evidence to support the trial court's conclusion that appellant assaulted his victim to gratify his sexual needs or desires. As the trial court noted, appellant initiated the assault because he was infuriated by allegations that his wife had, in contemplation of divorce, dated another man while appellant was incarcerated several months earlier. Enraged, he roared at her about how much it hurt him that she would see another man while he beat her with his fists and choked her, only to slap her across the face to revive her. The abuse progressed throughout the night as he continued to beat her, banging her head against the floor and striking her in the head with his fists, until both of her eyes were swollen completely shut. He blocked her escape from a window she had previously jumped out of to flee a prior beating, and eventually dragged her into the bedroom. There, he continued to yell at her about the affair and forced her to perform fellatio, ordering her to "[t]ake my dick and put it in my mouth — your mouth like you put his in your mouth." (Tr. 134.) He continued to beat her intermittently until the morning hours when he asked her to have sex with him one last time. Unable to see through her swollen eyes and fearful of further abuse, she complied.
 {¶ 22} The demonstrated facts are, unfortunately, reminiscent of those found in Slade, supra, in which we determined that a felonious assault was committed for the purpose of sexual gratification because it was instigated by the offender's desire to dominate or control the victim's sexual behavior. There, as here, the overarching theme to the beating was enraged jealousy and the inability to accept the victim dating or sleeping with another man. Further, both beatings were brutal, in their violence and duration, and ceased only when the victims surrendered to the offender's demands for sexual intercourse. As in Slade, the record here reveals that appellant, fueled by jealousy over his wife's infidelity while he was incarcerated and motivated by a desire to control her sexual activities, assaulted his wife until she succumbed to his sexual desires and dominion. We find that there was sufficient evidence to support the trial court's conclusion that appellant committed the felonious assault to fulfill his sexual needs or desires; therefore, the assault was a sexually oriented offense pursuant to R.C. 2590.01(D). Appellant's first assignment of error is overruled.
 {¶ 23} Having concluded that appellant committed a sexually oriented offense, we now address appellant's second assignment of error. More specifically, we must ascertain whether the record adequately supports the trial court's conclusion that appellant is a sexual predator, likely to engage in one or more sexually oriented offenses in the future. In determining whether the state has proved, by clear and convincing evidence, that an offender is a sexual predator, the trial court is required to "consider all relevant factors, including, but not limited to," the factors listed in R.C. 2950.09(B)(3):
 {¶ 24} "(a) The offender's * * * age;
 {¶ 25} "(b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 26} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
 {¶ 27} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
 {¶ 28} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 29} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for [said] offense * * * and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 30} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 31} "(h) The nature of the offender's * * * sexual conduct, sexual contact or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 32} "(i) Whether the offender * * * during the commission of the sexually oriented offense for which sentence is to be imposed * * * displayed cruelty or made one or more threats of cruelty; [and]
 {¶ 33} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 34} Because the facts and circumstances of each case are unique, sexual predator determinations are made on a case-by-case basis. State v. Davis (June 27, 2000), Franklin App. No. 99AP-1256, citing State v. Ivery (May 23, 2000), Franklin App. No. 99AP-628. While considering the enumerated factors, the trial court need not engage in a balancing test; indeed, there is neither a minimum nor a maximum number of factors that must be present. Jackson, supra, citing State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. Even if only one or two factors are present, the trial court may properly designate an offender as a sexual predator, "so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense." State v. Hardie (2001),141 Ohio App.3d 1, 5.
 {¶ 35} In the instant case, after determining that the underlying assault constituted a sexually oriented offense, the trial court continued to state its findings on the record. In regard to appellant's proclivity to commit a similarly oriented offense in the future, the court explained:
 {¶ 36} "Then I consider the likelihood of reoffending in the future, and I look at the list provided under 2950.09. It instructs that the court should look at the prior criminal record regarding all offenses including, but not limited to, sexual offenses.
 {¶ 37} "The litany of criminal charges dating back to the time the defendant was 17 in 1965 — quite a few of these charges were dismissed, but not all of them. He had been previously convicted of domestic assault — domestic violence on at least two occasions, and the victims were females.
 {¶ 38} " I look at — on down to subsection (h), the demonstrated pattern of abuse, find that currently — or that has been demonstrated clearly.
 {¶ 39} "Displayed cruelty or made one or more threats of cruelty, that was present in this case and in prior cases and, again, when the victims of the offenses were women. So I find by clear and convincing evidence that there is a strong likelihood that the defendant would reoffend in the future and should be labeled as a sexual predator."
 {¶ 40} Again, a review of the relevant evidence introduced by the state at appellant's determination hearing discloses sufficient evidence to support the trial court's determination. As noted by the trial court's findings, the record implicates several of the criteria enumerated by the statute factors. Appellant's post-sentence investigation report documents his lengthy history of criminal convictions, which the trial court is instructed to consider by R.C. 2950.09(B)(3)(b). Though that history does not include a conviction for a sexually oriented offense, per se, it does corroborate the trial court's findings regarding appellant's propensity towards assaulting women, especially those with whom he has an intimate relationship.
 {¶ 41} Also evident is the cruelty displayed by the appellant as he assaulted the victim. See R.C. 2950.09(B)(3)(i). The victim reported that he choked her until she stopped breathing, slapped her to bring her back to consciousness, and then repeated the cycle. He beat her until, and after, her swollen eyes rendered her blind. He forced her to perform fellatio, continued to beat her, and then engaged her in sexual intercourse; all the while, she could not see to defend herself. Such cruelty was not isolated. The victim admitted during her testimony that on previous occasions, appellant had used a curtain rod while beating her and had hit her in the head with a hammer. Indeed, she had once jumped out their second story window, breaking her back, in an attempt to escape. This evidence similarly supports the demonstrated pattern of abuse of women as observed by the trial court. See R.C. 2950.09(B)(3)(h). When viewed in its entirety, we find that the record sustains the trial court's finding, by clear and convincing evidence, that appellant is a sexual predator. Therefore, we overrule appellant's second assignment of error.
 {¶ 42} Finally, we address appellant's third assignment of error, wherein he challenges the propriety of admitting the transcript of the trial proceedings into evidence at the sexual predator hearing. Appellant argues that the portion of the transcript relaying information from a taped interview of the victim by a police detective is inadmissible because, as a prior inconsistent statement, it is admissible only for purposes of impeachment. See Evid.R. 613(B). However, we find that the taped statements constitute reliable hearsay; as such, the trial court could correctly admit the transcript and consider the statements during the determination hearing.
 {¶ 43} Because the objective of a sexual predator determination hearing is to determine the offender's status, not guilt or innocence, such hearings are broadly considered analogous to a sentencing or probation hearing. State v. Cook (1998), 83 Ohio St.3d 404, 425. Therefore, in Cook, the Ohio Supreme Court held that, pursuant to Evid.R. 101(C), "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings." Id. Thus, at a determination hearing, the trial court is authorized to entertain items of evidence that would otherwise be barred as inadmissible, such as reliable hearsay. State v. Lee (1998), 128 Ohio App.3d 710, 719.
 {¶ 44} Hearsay is considered reliable when it bears "sufficient indicia of reliability to support its probably accuracy," or when there is "a reasonable probability that it is true." Id. at 719, fn. 5 (Citations omitted). Here, appellant does not contest the reliability of the victim's recorded statement. Furthermore, the record does not indicate that any of the information contained within the challenged transcript is dubious or inaccurate. Therefore, as the evidence constitutes reliable hearsay, the trial court properly considered the transcript. Appellant's third assignment of error is therefore overruled.
 {¶ 45} Accordingly, having overruled all three of appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.