DECISION
{¶ 1} Defendant-appellant, Floyd L. Brooks, appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. Chapter 2950. Defendant assigns a single error:
 {¶ 2} "The trial court's decision finding Appellant to be a `sexual predator' as defined by 2950.01(E) is contrary to the weight of the evidence."
 {¶ 3} Because the trial court's determination that defendant is a sexual predator is supported by clear and convincing evidence in the record, we affirm.
 {¶ 4} By indictment filed March 16, 1993, defendant was charged with rape, two counts of kidnapping, aggravated robbery, and robbery, all with specifications. A trial was held beginning on August 16, 1993, and it resulted in a jury verdict finding defendant guilty of one count of rape, two counts of kidnapping, and one count of robbery. On appeal, this court affirmed the convictions, but reversed the sentence and remanded for resentencing. See State v. Brooks (Mar. 31, 1994), Franklin App. No. 93APA09-1281.
 {¶ 5} In January 1996, the Ohio Department of Rehabilitation and Correction ("ODRC") recommended, under former R.C. 2950.09(C)(1), that the trial court adjudicate defendant a sexual predator. A sexual classification hearing was held in the trial court on July 23, 2002. By decision filed the same day, the court determined defendant to be a sexual predator. In his single assignment of error, defendant contends the trial court's decision finding him to be a sexual predator is not supported by the manifest weight of the evidence.
 {¶ 6} Sexual predator determinations have been held to be civil in nature. See State v. Newton (June 11, 1998), Franklin App. No. 97APA10-1353. The standard for assessing the manifest weight of the evidence in a civil case is whether the judgment is "supported by competent, credible evidence going to all the essential elements of the case." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
 {¶ 7} When presented with a manifest weight argument in a criminal case, we engage in a limited weighing of the evidence to determine whether the judgment is supported by sufficient competent, credible evidence to permit reasonable minds to so conclude. State v. Thompkins (1997), 78 Ohio St.3d 380, 387; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387. In either the civil or the criminal analysis, determinations of credibility and weight of the evidence remain within the province of the trier of fact. See, e.g., State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Whether we apply the civil or criminal test for assessing the manifest weight of the evidence, the result here is the same.
 {¶ 8} In order for defendant to be designated a sexual predator, the state was required to prove by clear and convincing evidence that defendant had been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Former R.C. 2950.01(E) and former R.C.2950.09(B)(3); State v. Eppinger (2001), 91 Ohio St.3d 158, 163. Defendant does not dispute that a sexually oriented offense is involved in this case. Rather, defendant contends no evidence was presented that defendant is likely to commit other sexually oriented offenses, and the evidence is therefore insufficient to establish that defendant is a sexual predator.
 {¶ 9} At the hearing, the state, by stipulation, introduced into evidence, a certified copy of defendant's 1993 indictment, a certified copy of the jury's verdict on the count of rape, a certified copy of the trial court's amended judgment entry, and a copy of defendant's arrest record from the Franklin County Adult Probation Department. The state also submitted records from ODRC, including the sexual predator screening instrument, the institutional summary which included a disciplinary summary sheet, certificates of participation or diplomas, and a probation development section.
 {¶ 10} According to the information included in the probation development section of ODRC's institutional summary report, on the afternoon of May 18, 1981, at approximately 1:00 p.m., the victim went to the Plasma Center on North High Street to give blood, hoping to obtain extra money until payday. Her two-year-old son accompanied her. She parked in the lot behind the building, entered the building, and was told that at 90 pounds she did not weigh enough to donate blood.
 {¶ 11} The victim then exited the front door, where an African-American male approached her, remarking about her inability to give blood. She continued to walk to her automobile and placed her son in the passenger side. As she was getting into the driver's side, defendant grabbed her from behind, told her he had a gun, and ordered her to get into the car to avoid being hurt. Defendant then instructed her to move over, and defendant entered the car. When the victim began to scream, he told her to shut up, threatening to shoot her son if she did not comply with his demands. She pleaded with him to allow her to go, but when she attempted to open the door, he grabbed her by her hand and her throat. He raped her, and then removed approximately $20 worth of silver certificates and a Bank Ohio Savings account book from her handbag.
 {¶ 12} Considering the evidence and the statutory factors in former R.C. 2950.09(B)(2), the trial court found the state had met its burden of proving by clear and convincing evidence that defendant is a sexual predator. Specifically, the court stated it remembered the details of the offense, and it noted defendant was not able to be located immediately after the offense because he was incarcerated in Texas for a lengthy period of time in other prisons. The trial court then observed, "[b]ut in any event, I think the nature of the offense, the way in which it was conducted in this case indicates to this Court that there would be a likelihood of re-offending in this case, and I think that's by clear and convincing evidence. The man's spent a good part of his life in the prison system. He has taken a total stranger right off the street, committed a rape with a gun in front of her child, in her car. There is — there's absolutely no provocation on the part of the victim here with respect to this incident." (Tr. 11.)
 {¶ 13} The issue before us resolves to whether the evidence clearly and convincingly demonstrates that, as an offender who had been convicted of committing a sexually oriented offense, defendant is likely to re-offend. Former R.C. 2950.01(E) and former R.C. 2950.09(B)(3). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases." Eppinger at 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469.
 {¶ 14} The purpose of R.C. Chapter 2950 is to protect the safety and general welfare of the people of this state. Former R.C. 2950.02(B); Eppinger at 165. Former R.C. 2950.09(B)(2) required the trial court to consider all relevant factors in making a sexual predator determination, including those enumerated in the statute. Id. at 166; State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. However, no requisite number of factors must be applicable before finding a defendant to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be relevant. State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184; Maser, supra. Even one or two statutory factors will suffice as long as the evidence of likely recidivism is clear and convincing. State v. Hardie (2001),141 Ohio App.3d 1, 5.
 {¶ 15} Here, at the time of the offense, defendant was in his 30's. He should have matured to the point of knowing the wrongfulness of his conduct. See former R.C. 2950.09(B)(2)(a). The victim was a diminutive woman with a child. She was particularly vulnerable to defendant and incapable of adequately protecting herself against someone of defendant's size. Cf. former R.C. 2950.09(B)(2)(c).
 {¶ 16} While defendant did not have a record of prior sexually oriented offenses, he had a prior criminal record that was not insubstantial. Cf. former R.C. 2950.09(B)(2)(b). Most telling in this case, however, is his record following the indicted crimes. Arrested on September 15, 1984, defendant was charged with and convicted of burglary with intent to commit sexual assault.
 {¶ 17} Moreover, the cruelty defendant displayed in the indicted offenses is apparent. Not only did defendant grab the victim by the throat, but he threatened her child with harm and raped the victim in front of her child. See former R.C. 2950.09(B)(2)(i). Despite his conviction, defendant has not participated in any sex offender programs. See former R.C. 2950.09(B)(2)(f). The nature of defendant's conduct, the force and cruelty he displayed in the underlying offense, his subsequent conviction for burglary with the intent to commit sexual assault, and his continued refusal to participate in sex offender programs support a finding that defendant is a sexual predator. See State v. Belton (Apr. 16, 2002), Franklin App. No. 01AP-980; State v. Hendricks (June 28, 2001), Franklin App. No. 00AP-1374.
 {¶ 18} Although defendant's participation in various other programs in prison, such as "Civic and Social Services," is commendable, it does not necessarily indicate defendant's ability to refrain from recidivism on release from prison. See Hendricks, supra; State v. Ray (May 3, 2001), Franklin App. No. 00AP-1122; State v. Jones (June 13, 2000), Franklin App. No. 99AP-902.
 {¶ 19} In the final analysis, because defendant's age, the cruelty defendant displayed, his refusal to participate in a sex offender program, and his subsequent conviction support the trial court's determination by clear and convincing evidence, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.