The STATE of Ohio, Appellee,

v.

HARDIE, Appellant.

[Cite as *State v. Hardie* (2001), 141 Ohio App.3d 1.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 00CA14.

Decided Jan. 4, 2001.

*Alison Cauthorn,* Washington County Assistant Prosecuting Attorney, for appellee.

*Teresa D. Schnittke,* for appellant.

KLINE, Presiding Judge.

Mary J. Hardie appeals the Washington County Court of Common Pleas' determination that she is a sexual predator. She asserts that the determination is against the manifest weight of the evidence. Because some competent, credible evidence supports the trial court's determination, we disagree. Accordingly, we affirm the decision of the trial court.

## I

On January 14, 2000, Hardie pled guilty to two counts of corruption of a minor, a violation of R.C. 2907.04(A). In March 2000, the trial court held a hearing to determine if Hardie is a sexual predator. At the hearing, the only witness was Dr. James Michael Harding. Dr. Harding interviewed Hardie for about an hour and administered testing for another hour and forty minutes. Dr. Harding testified that there is very little research or statistical information available about female sexual offenders. He opined that offenses by females are underreported. He explained that he did not use the tests ordinarily used to assess the likelihood that a male sex offender will reoffend because they have not been "normed as to a female." Instead, he administered a MMPI–2 test, which provides objective measures for some of the factors that have been shown to predict recidivism. The results of this test indicate that Hardie is "anxious, tense, fearful, lacking self-confidence, lacking insight into [herself], lacking insight into how others

perceive [her], and * * * [has] an extreme need for affection." People with this profile tend to have poor treatment prognosis for psychological problems unless they can be motivated to participate in treatment. Dr. Harding stated that if such a person is motivated, long-term treatment is required for any benefit.

Dr. Harding then testified about the statutory risk factors for recidivism. He explained that the following characteristics of Hardie and her offenses are associated with high risk: (1) Hardie had multiple victims; (2) Hardie committed multiple offenses against each victim; (3) Hardie provided alcohol to the victims, although it was not clear whether she did so in order to impair the victims; (4) Hardie attempted to minimize the offenses and attempted to place responsibility for the offenses on her poor relationship with her husband, which caused her to have low self-esteem and be depressed; (5) Hardie stopped offending only after being caught with one of the victims; (6) Hardie's chronic low self-esteem and tolerance of treatment by the victims that she perceived to be inappropriate indicate social skills deficits, especially with intimacy; and (7) Hardie experienced cognitive distortions regarding the victims (she knew her offenses were wrong, but attempted to minimalize them because the victims were "experienced" and she complained about the victims' treatment of her).

Dr. Harding next explained that the following characteristics of Hardie and her offenses are associated with a low risk of recidivism: (1) Hardie has no prior juvenile or adult offenses; (2) the offenses did not occur in a public place; (3) the victims were older than thirteen; (4) Hardie has no history of substance abuse; (5) there was no allegation of force or threats of force against the victims; (6) no history of violent, disruptive, or paranoid behavior on the part of Hardie; (7) no history of unstable employment; and (8) the victims were not strangers.

The trial court also considered a presentence investigation report prepared by the Ohio Adult Parole Authority. The report indicates that Hardie engaged in vaginal intercourse and oral sex with two fourteen-year-old twin brothers who were family friends. She purchased alcohol and cigarettes for the victims and her own children. She admitted that she knew that what she was doing was wrong. The victims told investigators that the sexual conduct was consensual and that Hardie did not use force.

The trial court found that Hardie is likely to engage in the future in one or more sexually oriented offenses and determined that she is a sexual predator. The trial court sentenced Hardie to a sentence of eighteen months on each count, to be served concurrently.

Hardie appeals and asserts the following assignment of error:

"The trial court erred in determining that appellant is a sexual predator, as defined in R.C. [Chapter] 2950."

## II

■ In her only assignment of error, Hardie asserts that the trial court erred in determining that she is a sexual predator. A sexual predator is defined as a person who has been convicted of or has pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). Sexual predator classification proceedings under R.C. 2950.09 are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B); *State v. Cook* (1998), 83 Ohio St.3d 404, 408, 700 N.E.2d 570, 575. We will not reverse a trial court's determination that an offender is a sexual predator if some competent credible evidence supports it. *State v. Morris* (July 18, 2000), Washington App. No. 99CA47, unreported, 2000 WL 1010822; *State v. Daugherty* (Nov. 12, 1999), Washington App. No. 99CA09, unreported, 1999 WL 1059225; *State v. Meade* (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported, 1999 WL 299890. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence. *Meade;* see, also, *State v. Hannold* (June 28, 1999), Washington App. No. 98CA40, unreported, 1999 WL 441475.

In order to determine if the offender is likely to engage in future sexually oriented offenses, the trial court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). These factors are:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether

the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; `

"(j) Any additional behavioral characteristics that contribute to the offender's conduct."

We note that the statute requires a court to consider all relevant factors. The statute does not, however, require a trial court to make explicit findings regarding relevant factors. See *Hannold, supra; State v. Smith* (July 20, 1998), Hocking App. No. 97CA10, unreported, 1998 WL 470495. Furthermore, a trier of fact may look at past behavior in determining future propensity because past behavior is often an important indicator for future propensity. *State v. Bartis* (Dec. 9, 1997), Franklin App. No. 97APA05–600, unreported, 1997 WL 771021, affirmed (1998), 84 Ohio St.3d 9, 701 N.E.2d 687, citing *Kansas v. Hendricks* (1997), 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501, and *Heller v. Doe* (1993), 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257. For that very reason, a court may designate a first–time offender as a sexual predator. See, *e.g., Meade; State v. Watts* (May 29, 1998), Montgomery App. No. 16738, unreported, 1998 WL 272142.

A court is under no obligation to "tally up" the R.C. 2950.09(B)(2) factors in any particular fashion. *State v. Clutter* (Jan. 28, 2000), Washington App. No. 99CA19, unreported, 2000 WL 134730; *State v. Mollohan* (Aug. 19, 1999), Washington App. No. 98CA13, unreported, 1999 WL 671824. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. *Id.* A court may properly designate an offender as a sexual predator even in the absence of expert testimony from the state. *State v. Meade* (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported, 1999 WL 299890.

While we have never had the opportunity to review a trial court's designation of a female as a sexual predator, other districts have upheld the designation of a female as a sexual predator. See, *e.g., State v. Pavlick* (Dec. 20, 1999), Holmes App. No. 98–CA–002, unreported, 2000 WL 1442; *State v. Thomas* (Mar. 27, 1998), Greene App. No. 97CA86, unreported, 1998 WL 401838 (application of sexual predator statutes to females does not violate equal protection).

Neither party disputes that Hardie pled guilty to committing a sexually oriented offense. Therefore, the only issue in this case is whether there is some competent, credible evidence that she is likely to engage in the future in one or

more sexually oriented offenses. We find that there is some competent, credible evidence to support the trial court's finding that Hardie is likely to engage in one or more sexually oriented offenses in the future. Dr. Harding outlined many characteristics of Hardie and her offenses that indicate that she is likely to reoffend. Among these were the multiple offenses against the multiple victims, the provision of alcohol to the victims, Hardie's chronic low self-esteem and tendency to place responsibility for her offenses on other persons, and Hardie's continuation of the offense until she was caught. Accordingly, we find that the trial court's decision that Hardie is a sexual predator is not against the manifest weight of the evidence and affirm the judgment of the trial court.

*Judgment affirmed.*

EVANS and HARSHA, JJ., concur.