OPINION
{¶ 1} Defendant-appellant, Michael A. McFadden, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of pandering obscenity involving a minor, in violation of R.C. 2907.321, and four counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323, sentencing him accordingly and declaring him a sexual predator.
{¶ 2} By indictment filed March 23, 2002, appellant was charged with six counts of pandering obscenity involving a minor, in violation of R.C. 2907.321, and five counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323. These charges involved four photographs of female minor children appellant downloaded to his computer from the internet and one that he posted to an internet website, all during a three-week period in March 2001. All of the pictures showed female children in various states of nudity, while three of them also showed the children involved in sexual activity. After initially entering a not guilty plea to all charges, appellant subsequently pled guilty to one count of pandering obscenity involving a minor, and four counts of illegal use of a minor in nudity-oriented material or performance. The remaining counts against him were dismissed. After accepting appellant's guilty plea, the trial court sentenced appellant and determined that he was a sexual predator.
Appellant appeals, assigning the following errors:
{¶ 3} "[1.] The trial court erred in its judgment finding defendant-appellant to be a `sexual predator' under Chapter 2950., Ohio Revised Code, in that the state failed to meet its burden to prove by clear and convincing evidence that he is likely to commit one or more sex offenses in the future.
{¶ 4} "[2.] The trial court erred in its judgment finding defendant-appellant to be a `sexual predator' under Chapter 2950., Ohio Revised Code, in that such finding constitutes an abuse of discretion.
{¶ 5} "[3.] The defendant was denied his constitutional right to the effective assistance of counsel under the Sixth andFourteenth Amendments to the United States Constitution, Article I, Section 10 of the Ohio Constitution, as well as his statutory right to counsel under Section 2950.09(B)(1)."
{¶ 6} As appellant's first and second assignments of error both concern the trial court's determination that appellant is a sexual predator, we will address them together. In order for appellant to be designated a sexual predator, the state must show that he has been convicted of, or pled guilty to, a sexually-oriented offense and is likely to commit one or more sexually-oriented offenses in the future. R.C. 2950.01(E); State v. Eppinger (2001), 91 Ohio St.3d 158, 163. Appellant does not dispute that he was convicted of a sexually oriented offense; rather, he contends there was insufficient evidence presented showing that he was likely to commit other sexually oriented offenses.
{¶ 7} In making a sexual predator determination, the state must show appellant's likelihood to re-offend by clear and convincing evidence. R.C. 2950.09(B)(4); State v. Cook (1998), 83 Ohio St.3d 404,423-424. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases." Eppinger, supra, at 164, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477. In determining whether an offender is a sexual predator, R.C. 2950.01(E) requires a court to assess the offender's propensity to reoffend. However, that assessment may include an examination of past behavior which is often an important indicator of future propensity. State v. Pennington, Franklin App. No. 01AP-657, 2002-Ohio-296, appeal not allowed, 95 Ohio St.3d 1460; Kansas v. Hendricks (1997), 521 U.S. 346, 358.
{¶ 8} R.C. 2950.09(B)(2) requires the trial court to consider all relevant factors in making a sexual predator determination, including those enumerated in the statute. Eppinger, supra, at 166; State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. Those factors are:
"`(a) The offender's age;
"`(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
"`(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
"`(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
"`(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"`(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"`(g) Any mental illness or mental disability of the offender;
"`(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"`(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
"`(j) Any additional behavioral characteristics that contribute to the offender's conduct.' " R.C. 2950.09(B)(2).
{¶ 9} No requisite number of these factors need be applicable before finding an offender to be a sexual predator and the trial court may place as much or as little weight on any of the factors as it deems to be relevant; the test is not a balancing one. State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184; State v. Degroat (Sept. 6, 2001), Franklin App. No. 00AP-1485; Maser, supra. Even one or two factors are sufficient as long as the evidence of likely recidivism is clear and convincing. State v. Hardie (2001), 141 Ohio App.3d 1, 5.
{¶ 10} After reviewing the photographs and the pre-sentence investigation, the trial court determined appellant to be a sexual predator based on the cruelty inflicted on the children in the photographs, the nature of the offense, and the age of the children in the photographs. Appellant argues that the trial court erred in this determination, contending that: (1) there was no sexual conduct, contact, or interaction as required by R.C. 2950.09(B)(2)(h); (2) the period of time in which these offenses took place (three weeks) did not constitute a pattern of abuse; (3) there was no cruelty involved because the victims (the children) likely never knew appellant or the facts of his crimes; (4) the age of the children in the pictures was not known for certain; (5) a psychological report indicated appellant would not re-offend; and (6) appellant's admission of fault.
{¶ 11} We begin by noting that there were multiple victims in this case. R.C. 2950.09(B)(2)(d). Each of the pictures appellant downloaded, and the one that he posted on an internet website, showed different children and each is a victim of appellant's crimes. See State v. Maynard (1999), 132 Ohio App.3d 820, 827-828. Appellant also committed these multiple offenses over a three-week period of time. Id. at R.C.2950.09(B)(2)(j). As this court has previously noted, "the commission of multiple sex offenses over a period of time can show that the defendant has a compulsion, and that he or she likely `will have a similar compulsion in the future to commit these kinds of sexual offenses.'" State v. Ivery (May 23, 2000), Franklin App. No. 99AP-628; State v. Daniel (Feb. 14, 2002), Franklin App. No. 01AP-496. Multiple offenses involving young victims can, in and of themselves, be sufficient to support a sexual predator adjudication. State v. Henes (Nov. 2, 2001), Lucas App. No. L-01-1222. Additionally, a period of three weeks may constitute a "demonstrated pattern of abuse" for purposes of R.C.2950.09(B)(2)(h). Ivery, supra (rapes occurring in two-week period constitutes pattern of abuse). Appellant's actions did not occur once, but, rather, occurred a number of times over a period of weeks, indicating some compulsion to obtain and circulate material of this nature. All of these factors support the trial court's determination of appellant's sexual predator status.
{¶ 12} It is important to note that these crimes do involve extreme harm to the children involved. Obviously, appellant did not have any contact with these children and did not "harm" them in the way that we normally would think of children being harmed by a sexual offense. However, the Ohio Supreme Court has noted that child pornography "involves, by its nature, the physical, mental and sexual abuse, seduction and harmful exploitation of children. The depictions * * * are but memorializations of cruel mistreatment and unlawful conduct. Additionally, such material would continue to exploit and victimize the children shown by haunting them in the future." State v. Meadows (1986), 28 Ohio St.3d 43, 50, citing New York v. Ferber (1982),458 U.S. 747, 759. The children in these pictures are forever harmed by the possession and viewing of the pictures. Maynard, supra; State v. Burrier (Sept. 21, 2001), Geauga App. No. 98-G-2126. Simply because appellant had no physical contact with these children does not lessen this harm. In fact, one other appellate court had affirmed sexual predator findings based largely on the possession of photographs downloaded from the internet displaying minors engaged in sexual activity. See State v. Monchein (Sept. 15, 1999), Lorain App. No. 98CA007198; Maynard, supra.
{¶ 13} Although appellant argues that the age of the children shown in the pictures is unknown, the children were obviously pre-adolescent girls. R.C. 2950.09(B)(2)(c). Although there is nothing to definitively establish the precise age of the girls, one of the pictures states that the girl in the picture is only eight years old. The other pictures, although not labeled, clearly show girls who are of pre-adolescent age. "The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, affirmed, 84 Ohio St.3d 12.
{¶ 14} Appellant contends that he has admitted fault in this matter. However, the pre-sentence report on which the trial court relied indicates that appellant attempted to minimize his role in his offenses, claiming that he accidentally viewed the pictures and that all he did was show poor judgment in moving these pictures to another website. He also could not understand why the police were not attempting to find the people that actually took these pictures. Defendant's attitude towards his own actions weighs in favor of a sexual predator status. See State v. Kendrick (Sept. 30, 1999), Franklin App. No. 98AP-1305; State v. Ayers (Sept. 15, 1998), Franklin App. No. 97AP-1556; State v. Sherfield (May 1, 2002), Hamilton App. No. C-010529. Appellant also claims a psychological examination in his pre-sentence report indicates he would not re-offend. However, the report simply states appellant was evaluated by a doctor but does not reflect the result of that examination. Nor was any psychological examination introduced at appellant's sexual predator hearing.
{¶ 15} There is nothing accidental about downloading pictures from the internet or posting a picture on a website. Over a period of weeks, appellant downloaded these pictures to his own computer as a permanent record of the abuse of these children. Meadows, supra. In addition, appellant took the affirmative step of posting one of the pictures to another website as an invitation for others to send him similar pictures. That act demonstrates more than just a casual interest in material of this nature. All of these factors support the trial court's determination that appellant was likely to re-offend.
{¶ 16} Based on the above evidence, we find that the trial court did not err in determining appellant to be a sexual predator. Accordingly, appellant's first and second assignments of error are overruled.
{¶ 17} Appellant's third assignment of error contends that he received ineffective assistance of counsel at his sexual predator hearing. In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v. Washington (1984), 466 U.S. 668; accord State v. Bradley (1989),42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by theSixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.
{¶ 18} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
{¶ 19} Preliminarily, we note that appellant does not have a constitutional right to counsel at a sexual predator hearing because it is a civil hearing. Degroat, supra. However, because R.C. 2950.09(B)(1) grants appellant the right to counsel in these hearings, we will examine appellant's assignment of error using the Strickland analysis. Id.; State v. Price (Dec. 31, 2001), Franklin App. No. 00AP-1434. Appellant contends that his counsel was ineffective for failing to request the appointment of an expert witness to testify at the sexual predator hearing. Eppinger, supra (holding that indigent defendant shall have an expert witness appointed for sexual predator hearing if testimony reasonably necessary in making sexual predator determination).
{¶ 20} Even if we were to find counsel was ineffective for failing to request a court-appointed expert witness, appellant must establish that he was prejudiced by this failure. To make such a showing, appellant must show that the witness's testimony would have significantly assisted the defense and would have affected the outcome of the proceeding. Price, supra. Appellant attempts to make this showing by alleging that a more substantial psychological inquiry would probably have resulted in evidence mitigating against a sexual predator finding. However, a probable result is insufficient to prove appellant was prejudiced by counsel's failure to request an expert witness. Appellant does not allege that an expert witness would testify favorably for appellant; rather, appellant alleges only that such testimony might be favorable and should have been requested. This is insufficient to show that he was prejudiced by counsel's failure to request such an expert witness. Therefore, appellant's third assignment of error is overruled.
{¶ 21} Having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN, J., concurs.
DESHLER, J., dissents.