DECISION AND JUDGMENT ENTRY
{¶ 1} Richard Starkey ("Appellant") appeals the judgment of the Washington County Court of Common Pleas finding him a sexual predator pursuant to R.C. 2950.01 and 2950.09. He argues that the State ("Appellee") failed to present sufficient evidence to establish that he committed a sexually oriented offense when he was convicted of complicity to commit involuntary manslaughter. He also argues that the Appellee failed to present sufficient evidence to establish he was likely to engage in a sexually oriented offense in the future. Because we find there was *Page 2 
competent, credible evidence to support the trial court's determination, we affirm its judgment.
 {¶ 2} On January 15, 1986, a Washington County Grand Jury issued a one-count indictment against the Appellant in Washington County Common Pleas Court case number 86-CR17, charging him with complicity to commit aggravated murder. On March 30, 1987, the prosecuting attorney filed a bill of information in Washington County Common Pleas Court case number 87-CR-61, charging the Appellant with complicity to commit involuntary manslaughter, a violation of former R.C. 2923.03(A)(2) and 2903.04(A). The underlying felony offense supporting the manslaughter allegation was kidnapping, a violation of former R.C. 2905.01(A)(4). The time frame alleged for the charged offense was on or about March 21, 1984 to April 5, 1984.
 {¶ 3} On March 30, 1987, the Appellant waived his right to indictment and entered a guilty plea to the complicity charge contained in the aforementioned bill of information. The prosecutor told the trial court that the plea agreement was reached for evidentiary reasons. During the plea proceedings, the parties stipulated to the following facts:
 "[S]ometime between the period between March 21st, 1984 and April 5th, 1984, Kathleen Virginia Farmer went to the 7th Street Supper Club, located in Parkersburg, West Virginia. While there, she asked a man for a ride to Marietta, Ohio. As a result of her conversation, she *Page 3 
left the bar in the company of three men, one of whom was the Defendant, Richard M. Starkey. While en route from the Parkersburg area, one of the men informed the others that they were going to get, quote, some pussy. The three subjects took the woman to an apartment located at 1011 Campus Drive, Belpre, Washington County, Ohio. Once there, the woman was restrained of her liberty and forced to submit to sexual activity against her will. In order to prevent her from leaving and to protect the men from being identified as her kidnappers, she was choked by one of the men, with the purposeful assistance of the other two men, including the Defendant. As a direct and proximate result of this choking, Kathleen Virginia Farmer died. Her body was dropped in the Ohio River from the Belpre Toll Bridge and it's not been recovered."
 {¶ 4} The trial court accepted the Appellant's guilty plea, and determine that his plea was knowingly, intelligently, and voluntarily made. On April 8, 1987, the Appellant appeared for sentencing. The trial court ordered him to serve a prison term of ten to twenty-five years. On February 14, 2006, the Appellant was released from prison.
 {¶ 5} On March 30, 2006, the trial court scheduled a hearing on the issue of whether the Appellant should be labeled a sexual predator pursuant to R.C. 2950.01 and 2950.09. The matter was continued at the request of the parties until August 16, 2006. On August 8, 2006, the Appellant filed a motion to dismiss the matter on the basis that he was not convicted of a sexually oriented offense, as defined in R.C.2950.01(D). On August 16, 2006, the trial court overruled the Appellant's motion to dismiss, and proceeded to a hearing on the sexual predator issue. The trial court *Page 4 
determined that the Appellant was a sexual predator, based on the following factors: (1) the Appellant had a prior criminal record, including a conviction for breaking and entering while a juvenile, two counts of assault and battery, destruction of property, attempted breaking and entering, forgery and uttering, grant and petty larceny, and day time burglary as an adult; (2) the Appellant and his co-defendants forcibly raped the victim multiple times for a one-hour period; (3) the victim was intoxicated, although there was no evidence that the Appellant caused her intoxication; (4) the offense was cruel and heinous; and (5) the Appellant refused to accept responsibility for his conduct.
 {¶ 6} Based upon these findings, the trial court determined the Appellant was likely to engage in the future in one or more sexually oriented offenses. The trial court's decision was journalized on September 13, 2006. The Appellant now appeals the trial court's decision, asserting the following assignment of error:
 {¶ 7} 1. THE TRIAL COURT ERRED IN FINDING MR. STARKEY TO BE A SEXUAL PREDATOR, BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO ESTABLISH THAT MR. STARKEY COMMITTED A SEXUALLY ORIENTED OFFENSE, AND BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO ESTABLISH THAT MR. STARKEY WAS LIKELY TO ENGAGE IN A SEXUALLY ORIENTED OFFENSE IN THE FUTURE. R.C. 2950.01(E). THE TRIAL COURT'S ERROR DEPRIVED MR. STARKEY OF HIS RIGHT TO DUE *Page 5 
PROCESS OF LAW, AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 {¶ 8} In his sole assignment of error, the Appellant challenges the sufficiency of the evidence establishing that he is a sexual predator. In civil cases, the test for sufficiency and manifest weight of the evidence is essentially the same. In re Milella, Ross App. No. 01CA2593, 2001-Ohio-2516, at *5. Because sex offender classification proceedings under RC. Chapter 2950 are civil in nature, a trial court's determination in a sex offender classification hearing must be reviewed under a civil manifest weight of the evidence standard, and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence. State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, at ¶ 41.
 {¶ 9} R.C. 2950.09(B)(3) lists ten factors for courts to consider when determining whether a sexual offender is a sexual predator. It provides, in pertinent part:
 In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 (a) The offender's or delinquent child's age; *Page 6 
 (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender or delinquent child;
 (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; *Page 7 
 (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 10} Under R.C. 2950.09(B)(3), a court has discretion to determine what weight, if any, it will assign to each factor. The state has to prove that an offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(4). Clear and convincing evidence is evidence that will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Wilson, supra, citing Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E. 2d 118. The clear and convincing evidence standard requires a higher degree of proof than a preponderance of the evidence, but less than evidence beyond a reasonable doubt. Wilson, supra, citing State v. Ingram (1992),82 Ohio App.3d 341, 346, 612 N.E.2d 454.
 {¶ 11} The Appellant presents two arguments under his sole assignment of error: (1) the Appellee failed to present sufficient evidence to establish that he committed a sexually oriented offense; and (2) the Appellee failed to present sufficient evidence to establish that he was likely to engage in a sexually oriented offense in the future. We will address his contention that the Appellee failed to present sufficient evidence to establish he committed a sexually oriented offense first.
 {¶ 12} The Appellant argues that the rape and murder of the victim, Kathleen Farmer, were unrelated, and thus, his conviction for complicity to commit involuntary manslaughter under R.C. 2903.04(A) was not a *Page 8 
sexually oriented offense, as there was no sexual motivation for the crime. We disagree. R.C. 2950.01(D)(1)(c) defines a "sexually oriented offense" as a violation of R.C. 2903.04(A) that is committed with a sexual motivation. Likewise, R.C. 2950.01(D)(1)(g) specifically includes complicity to commit involuntary manslaughter that is committed with a sexual motivation in the definition of "sexually oriented offense."
 {¶ 13} In the course of the plea proceedings, the parties stipulated that Kathleen Farmer was choked by one of the defendants, with the help of the other two, including the Appellant, in order to prevent her from leaving and protect the defendants from identification as her kidnappers and rapists. This set of stipulated facts was not disputed by the Appellant. The victim's death was, therefore, directly related to and motivated by her rape. Thus, the trial court properly determined that the Appellant's complicity to commit involuntary manslaughter was a sexually oriented offense.
 {¶ 14} Next we turn to the Appellant's contention that the Appellee failed to present clear and convincing evidence that he was likely to engage in a sexually oriented offense in the future. As noted supra, R.C. 2950.09(B)(3) lists several factors for courts to consider when determining whether a sexual offender is a sexual predator. The record clearly shows that the trial court considered each of these factors when making its determination. *Page 9 
 {¶ 15} The trial court's September 3, 2006 journal entry addresses each of the factors. Specifically, the court found that the victim of the crime was intoxicated, which affected her ability to protect herself; the victim was of low intelligence; the Appellant had been convicted of seven previous offenses and had failed to successfully complete parole; the conduct in the case, sexual intercourse, was more heinous than a rape between two people, because it was sexual intercourse by multiple persons on a single victim over the course of a substantial period of time; and the Appellant displayed extreme cruelty during the commission of the offense.
 {¶ 16} We note that R.C. 2950.09(B)(3) requires a court to consider all relevant factors. The statute does not, however, require a trial court to make explicit findings regarding relevant factors. State v.Hardie (2001), 141 Ohio App.3d 1, 5, 749 N.E.2d 792. Furthermore, a trier of fact may look at past behavior in determining future propensity because past behavior is an important indicator for future propensity.Hardie, supra, at 5. For that reason, a court may designate a first-time offender as a sexual predator. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id.
 {¶ 17} In light of the aforementioned standard and the trial court's *Page 10 
findings, it is clear that there is competent, credible evidence to support its determination that the Appellant is likely to engage in a sexually oriented offense in the future. As addressed supra, there is also competent, credible evidence to support the trial court's determination that the Appellant's conviction for complicity to commit involuntary manslaughter was a sexually oriented offense. Therefore, in our view, the trial court did not err when it found the Appellant to be a sexual predator. Accordingly, we affirm its judgment.
 JUDGMENT AFFIRMED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Kline, J.: Concur in Judgment and Opinion. *Page 1