OPINION
{¶ 1} William McFadden, IV, appellant, appeals his classification as a sexual predator. McFadden argues there is insufficient evidence to demonstrate a likelihood he would engage in sexually-oriented offenses in the future. We disagree.
 {¶ 2} McFadden, on October 20, 2006, was indicted on eight counts of rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b), and 16 counts of gross sexual imposition, third-degree felonies, in violation of R.C. 2907.05(A)(4). *Page 2 
 {¶ 3} McFadden pled guilty on two counts of rape and two counts of attempted rape. McFadden was sentenced to concurrent, eight-year prison terms. After hearing from the state and McFadden's attorney, the trial court classified McFadden as a sexual predator and informed him of his registration duties.
 {¶ 4} McFadden now appeals the sexual-predator classification and raises the following assignment of error:
 {¶ 5} "The finding that the defendant-appellant is a sexual predator was against the manifest weight of the evidence."
 {¶ 6} Pursuant to R.C. 2950.09(B)(4), a trial court must use a "clear and convincing" evidence standard when making a determination that a sex offender shall be classified as a sexual predator. See, also, State v.Cook (1998), 83 Ohio St.3d 404, 408.
 {¶ 7} "Clear and convincing evidence is that measure of degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 8} The relevant factors to be considered when making this determination include, but are not limited to, those enumerated in R.C.2950.09(B)(3), which are:
 {¶ 9} "(a) The offender's or delinquent child's age;
 {¶ 10} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; *Page 3 
 {¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 13} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 14} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 15} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 16} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 17} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." *Page 4 
 {¶ 19} The factors specified in R.C. 2950.09(B)(3) are guidelines to be considered by the trial court. "[T]here is no requisite number of factors that must be applicable before an offender can be considered a sexual predator." State v. Austin (Nov. 2, 2000), 10th Dist. No. 00AP-184, 2000 Ohio App. LEXIS 5058, at *5. (Citations omitted.) In fact, "[e]ven one or two statutory factors will suffice as long as the evidence of likely recidivism is clear and convincing." State v.Brooks, 10th Dist. No. 02AP-925, 2003-Ohio-2192, at ¶ 14, citingState v. Hardie (2001), 141 Ohio App.3d 1, 5.
 {¶ 20} The Supreme Court of Ohio, in State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 41, declared that since classification proceedings for sex offenders under R.C. 2950 are civil in nature, "a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by competent, credible evidence." Under this standard, we must look at the trial court's determination, and, if it is supported by competent, credible evidence, we must affirm its findings.
 {¶ 21} In the case sub judice, McFadden pled guilty to two counts of rape and two counts of attempted rape. At the sexual-predator hearing, the prosecutor argued that McFadden's age, the victims' ages, and the demonstrated pattern of sexual abuse constituted clear and convincing evidence upon which the trial court should designate McFadden a sexual predator. Also, the prosecutor pointed to the fact that McFadden provided inducements in the form of a game toward the victims, as well as his continued sexual arousal to young girls. McFadden also has a mental illness or mental disability including pedophilia and Asperger's syndrome. *Page 5 
 {¶ 22} Defense counsel, on the other hand, argued that McFadden has no prior criminal record, no alcohol or drugs were involved in any of the contacts, and his test scores mitigate against the sexual-predator label.
 {¶ 23} At the hearing, the trial court stated, "[t]his Court has reviewed the presentence report and investigation as well as the report of Dr. Rindsberg. Taken into consideration State's Exhibits 1 and 2 presented by the State, admitted as evidence." The trial court then stated, "the Court is required to consider the factors set forth under 2950.09(B)(3). The Court has considered those factors." The trial court noted the difference in age between McFadden and the victims at the time the offenses were committed. The court further noted there were multiple victims. The trial court acknowledged that McFadden does not have any prior criminal history, does not have a prior criminal record for any offense including a sexually-oriented offense, nor did he use drugs or alcohol to impair either victim. McFadden's offenses, however, were part of a demonstrated pattern of abuse. Moreover, the trial court stated McFadden has been diagnosed with pedophilia and Asperger's syndrome. With respect to Asperger's syndrome, the trial court observed it has no effect on whether McFadden will commit any sexually-oriented offenses in the future.
 {¶ 24} Additionally, the trial court noted several factors that increase the likelihood of McFadden committing sexually-oriented offenses in the future. First, he placed the blame on the victims, especially the female victim. Second, McFadden admitted, during his interview, that he continues to have sexual arousal in response to young girls between 11 and 14 years of age. Third, McFadden expressed an interest in naturalism, including seeing children in the nude. Further, the trial court noted that Dr. *Page 6 
Rindsberg opined that McFadden presents a high risk to commit another sexually-oriented offense in the future. Consequently, the trial court declared McFadden a sexual predator.
 {¶ 25} The evidence gathered during the investigation revealed McFadden was between the age of 20 and 22 when he committed the offenses. The victims included a male who was between ten and 11 years of age and a female who was between nine and 12 years of age.
 {¶ 26} At the hearing, the state presented evidence of McFadden's Static 99 score and the opinion of Dr. Rindsberg that McFadden has a high risk of re-offending. As previously noted, evidence was presented regarding the factors enumerated in R.C. 2950.09(B)(3).
 {¶ 27} Having reviewed the entire record, we conclude that the trial court properly considered all of the factors enumerated in R.C.2950.09(B)(3). In addition, the trial court had before it facts that are especially indicative of the likelihood of McFadden committing another sexually-oriented offense. Accordingly, we overrule McFadden's assignment of error and affirm the judgment of the trial court.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J.,
 concur. *Page 1