OPINION
{¶ 1} Defendant-appellant, Richard H. Von Spreckelsen, appeals from a judgment of the Franklin County Court of Common Pleas declaring defendant to be a sexual predator pursuant to R.C. Chapter 2950. Defendant assigns a single error:
 The trial court's decision finding Appellant to be a "sexual predator" as defined by 2950.01(E) is contrary to the weight of the evidence. *Page 2 
Because the manifest weight of the evidence supports the trial court's determination that defendant is a sexual predator, we affirm.
 {¶ 2} By indictment filed September 10, 1984, defendant was charged with two counts of aggravated burglary, one count of theft, one count of rape, and one count of attempted rape. Although defendant originally entered a not guilty plea, defendant amended his plea to not guilty by reason of insanity. The trial court ordered defendant to submit to a psychiatric examination. The letter reporting the results of the examination states defendant "did not present symptoms of a disease or other defect of his mind that would have made him not know that his acts were wrong or would have rendered him unable to refrain from doing those acts." (Oct. 30, 1984 letter from Southwest Forensic Psychiatry Center.) On November 14, 1984, defendant pleaded guilty to rape and attempted rape; on the prosecuting attorney's request, the court entered a nolle prosequi on the remaining counts. The trial court sentenced defendant accordingly.
 {¶ 3} In 2006, defendant was notified of a hearing pursuant to H.B. No. 180 to determine whether he should be declared a sexual predator. Following a hearing in May 2007, the trial court issued a decision and entry explaining its basis for concluding defendant is a sexual predator. Defendant appeals, contending the finding is contrary to the weight of the evidence.
 {¶ 4} In order for defendant to be designated a sexual predator, the state was required to prove by clear and convincing evidence that defendant was convicted of or pleaded guilty to committing a sexually oriented offense and he is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3); State v.Eppinger (2001), 91 Ohio St.3d 158, 163. Defendant does not dispute that he *Page 3 
committed sexually oriented offenses. Rather, defendant contends that because the state failed to present evidence he is likely to commit other sexually oriented offenses, the evidence is insufficient to establish he is a sexual predator. The issue then resolves to whether the evidence clearly and convincingly demonstrates that, as an offender who was convicted of committing two sexually oriented offenses against two different victims in 1983, defendant is likely to reoffend. R.C.2950.01(E) and 2950.09(B)(3).
 {¶ 5} "`Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" Eppinger, supra, at 164, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, 477. "A reviewing court should not re-weigh the evidence and should affirm the judgment of the trial court when the record contains competent, credible evidence that goes to all the essential elements of the case." State v. Dunn (June 17, 1998), Pickaway App. No. 97CA26, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 6} The purpose of R.C. Chapter 2950 is to protect the safety and general welfare of the people of this state. R.C. 2950.02(B);Eppinger, supra, at 165. R.C. 2950.09(B)(3) requires the trial court to consider all relevant factors in making a sexual predator determination, including those enumerated in the statute. Eppinger, supra, at 166;State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. No requisite number of factors must apply to find a defendant to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be relevant. State v. Austin (Nov. 2, 2000), Franklin App. No. 00AP-184; Maser, supra. Even one or two *Page 4 
statutory factors will suffice as long as the evidence of likely recidivism is clear and convincing. State v. Hardie (2001),141 Ohio App.3d 1, 5.
 {¶ 7} In defining a sexual predator, R.C. 2950.01(E) looks toward defendant's propensity to engage in future behavior, but the court can look at a defendant's past behavior because such behavior is often an important indicator of future propensity. State v. Pennington (Jan. 29, 2002), Franklin App. No. 01AP-657, appeal not allowed,95 Ohio St.3d 1460. Similarly, "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." Eppinger, at 167; State v. Ray (May 3, 2001), Franklin App. No. 00AP-1122. See State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, appeal not allowed, 89 Ohio St.3d 1454; Dunn, supra. "R.C. Chapter 2950 does not specifically require that the state prove propensity by facts `other than the facts of the crime itself.'"State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597. See, also,State v. Queary (Aug. 17, 2001), Montgomery App. No. 18300; State v.Carter (Aug. 9, 2001), Franklin App. No. 00AP-1365; Austin, supra;Henson, supra.
 {¶ 8} Here, at the hearing in the trial court the state presented three exhibits: the indictment, the plea document, and the trial court's sentencing entry. In addition, the state called defendant to testify. According to his testimony, defendant was 33 years of age at the time he committed the rape and attempted rape resulting in the convictions prompting the sexual predator hearing.
 {¶ 9} In addition, pursuant to the state's questions, he admitted that in 1973 he was given five years of probation for breaking and entering. In 1981 he again was convicted of breaking and entering and served 14 months for that offense. The same *Page 5 
incident gave rise to a theft of drugs charge, as defendant broke into a drug store. His only remaining convictions were the 1984 convictions for rape and attempted rape for which he received a sentence of 8 to 15 years and 10 to 25 years, respectively, to be served consecutively to each other.
 {¶ 10} On cross-examination, defendant explained he had a drug problem at the time of the breaking and entering offenses so that he "couldn't find enough drugs so [he] had — [he] stole them." (Tr. 7.) In 1984, he went to prison for the rape and attempted rape convictions, and while he was there he involved himself in a sex offenders program for about three and one-half years in the early 90s. When he was transferred from Mansfield Correctional Institution to London Correctional Institution in 2002 or 2003, he enrolled in the Renaissance drug program, a live-in program of 16 months in duration that caused him to move into a separate dorm and experience the program 24 hours a day.
 {¶ 11} Based on the evidence presented, the trial court filed an entry on May 17, 2007, setting forth its basis for determining defendant is a sexual predator. In considering the evidence, the trial court noted defendant's sexually oriented offenses "involved the rape of one female and the attempted rape of a different female nineteen days later. This factor is given a great deal of weight by this Court, and it is a factor to be considered pursuant to R.C. 2950.09(B)(3)(d)." (Entry, 2.) The court found "serious sexual offenses committed a considerable period of time apart from each other clearly indicates a greater likelihood of recidivism than offenses committed contemporaneously to each other." Id.
 {¶ 12} Although the court determined defendant's age was not a significant factor under R.C. 2950.09(B)(3)(a), it assigned "some weight" to his prior offenses because they are felonies and "are associated with a higher risk of recidivism." Id.; see R.C. *Page 6 2950.09(B)(3)(b). The court acknowledged that defendant attended a sexual offender course over a three and one-half year period in the early 1990s. Although the court found "this is laudable — and to be encouraged," it also concluded "attendance alone does not significantly reduce the prospects of recidivism." Id. at 3.
 {¶ 13} The court noted the record contained no information about the age of the victims of the rape and attempted rape, and included no information about whether drugs or alcohol were used to lessen or prevent resistance. See R.C. 2950.09(B)(3)(c) and (e). The court further pointed out it was not aware of any mental illness or disability involving defendant, R.C. 2950.09(B)(3)(g), and no further information existed in the record regarding any of the other factors set forth in R.C. 2950.09(B)(3). Apparently largely persuaded by the lack of temporal proximity in the rape and attempted rape crimes, the court concluded defendant is a sexual predator.
 {¶ 14} In assessing the manifest weight of the evidence, we note that, in terms of age, defendant at the time of the offenses was in his thirties and should have matured to the point of knowing the wrongfulness of his conduct. See R.C. 2950.09(B)(3)(a). Although defendant did not have a record of prior sexually oriented offenses, he had a prior criminal record. Cf. R.C. 2950.09(B)(3)(b).
 {¶ 15} Most significant, however, are defendant's convictions for rape and attempted rape. Had defendant committed only one of those offenses, we question whether the trial court would have concluded defendant is a sexual predator. Here, however, the trial court properly could place significant weight on defendant's committing not one but two sexually oriented offenses against two separate victims over such a period of time. R.C. 2950.09(B)(3)(d). *Page 7 
 {¶ 16} Finally, while defendant's participation in other programs in prison is commendable, we cannot find an abuse of discretion in the trial court's refusing to conclude that defendant's participation negated the evidence of recidivism arising from defendant's convictions for the two sexually oriented offenses. See Ray, supra; State v.Jones (June 13, 2000), Franklin App. No. 99AP-902.
 {¶ 17} In the final analysis, because of defendant's age, his prior criminal record, and his conviction for two sexually oriented offenses against two separate victims over a 19-day period support the trial court's determination by clear and convincing evidence, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 SADLER, P.J., and KLATT, J., concur. *Page 1