{¶ 1} Defendant-appellant, Timothy Geary, appeals from a Columbiana County Common Pleas Court judgment sentencing him to ten years in prison and finding him to be a sexual predator following his conviction on one count of rape.
 {¶ 2} On August 25, 2005, a Columbiana County grand jury indicted appellant on one count of rape of a person less than 13 years of age, a first-degree felony in violation of R.C. 2907.02(A)(1)(b), and included a specification that the victim was less than ten years old. Appellant entered a plea of not guilty.
 {¶ 3} On December 2, 2005, the court held a hearing at which appellant changed his plea pursuant to a plea bargain. Appellant changed his plea to guilty and, in exchange, the state agreed to drop the less than ten years old age specification that accompanied the rape charge. The court accepted appellant's plea and found him guilty of rape of a person less than 13 years old.
 {¶ 4} On January 20, 2006, the court held a sentencing/sexual offender classification hearing. The court sentenced appellant to the maximum term of ten years in prison and designated him as a sexual predator.
 {¶ 5} Appellant filed a timely notice of appeal on February 9, 2006.
 {¶ 6} Appellant raises two assignments of error, the first of which states:
 {¶ 7} "THE SENTENCE IN THIS MATTER MUST BE VACATED AND REMANDED FOR NEW HEARING IN ACCORDANCE WITH STATE V. FOSTER, ___ N.E.2D ___,2006 WL 509549 (OHIO), 2006-OHIO-856 (2006)."
 {¶ 8} Appellant argues that his sentence must be vacated based on the Ohio Supreme Court's judgment in State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856.
 {¶ 9} The trial court sentenced appellant on January 20, 2006. The Ohio Supreme Court decided Foster a month later. In sentencing appellant, the trial court relied on two statutory provisions whichFoster held to be unconstitutional. Specifically, the trial court relied on R.C. 2929.14(C) — it found that appellant committed the worst form of the offense and, therefore, the maximum sentence was appropriate. And the court also relied on R.C. 2929.14(B)(2) — it found that the minimum sentence would demean the seriousness of the offense and would not deter future crime. Foster found both of these provisions unconstitutional.Foster, 109 Ohio St.3d at paragraph one of the syllabus(Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, followed.)
 {¶ 10} The Ohio Supreme Court held that those unconstitutional provisions could be severed. Id. at paragraphs two and four of the syllabus. Since the provisions could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 11} Here, since the trial court's imposition of a more than minimum sentence was based on R.C. 2929.14(B), and its imposition of a maximum sentence was based on R.C. 2929.14(C), appellant's sentence must be reversed accordingly.
 {¶ 12} After Foster, the trial court no longer needs to give reasons or findings prior to imposing maximum, consecutive and/or more than minimum sentences. The Court held that:
 {¶ 13} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 14} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66 L.Ed.2d 328."
 {¶ 15} The same day Foster was decided, the Ohio Supreme Court decided a companion case. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1. In Mathis, the Court clarified Foster adding:
 {¶ 16} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." Id. at ¶ 38.
 {¶ 17} As an aside, it should be noted that the issue of waiver has arisen in other Foster related cases before this Court and other Ohio appellate district courts of appeal as well. The issue is whether the lack of objection in the trial court waives the Blakely issue for purposes of appeal when the sentencing occurred after theBlakely decision was announced. The Ohio Supreme Court inFoster and its progeny have created an exception to the doctrine of waiver. Accordingly, this Court has found the doctrine of waiver inapplicable to Foster related cases. State v. Buchanan, 7th Dist. No. 05-MA-60, 2006-Ohio-5653.
 {¶ 18} Accordingly, appellant's first assignment of error has merit.
 {¶ 19} Appellant's second assignment of error states:
 {¶ 20} "APPELLANT'S DESIGNATION AS A SEXUAL PREDATOR MUST BE VACATED AND MODIFIED TO A DESIGNATION AS A SEXUALLY ORIENTED OFFENDER."
 {¶ 21} Here appellant argues that the trial court should have classified him as a sexually oriented offender instead of as a sexual predator. He contends that several factors support this classification. First, appellant argues that the court should not have considered the fact that he abused the victim multiple times because that undermines the court's finding that appellant had not been convicted of any other sex crimes. Next, he points out that in the sexual predator evaluation prepared by the Forensic Center of Northeast Ohio, he scored in the "low" category for re-offending. Finally, appellant points out that he has had no prior offenses of a similar crime, did not use alcohol or drugs to impair his victim, and he had only one, not multiple victims. Appellant argues that all of these factors indicate that he should not be classified as a sexual predator.
 {¶ 22} A sexual predator is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E)(1). Sexual predator classification proceedings are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. State v. Hardie (2001),141 Ohio App.3d 1, 4, 749 N.E.2d 792; R.C. 2950.09(B)(4). An appellate court will not reverse a trial court's sexual predator determination if it is supported by competent, credible evidence. Id. This deferential standard of review applies even though the state must prove that the offender is a sexual predator by clear and convincing evidence. Id.
 {¶ 23} When determining whether an offender is a sexual predator, the court must consider, in addition to any other relevant factors:
 {¶ 24} "(a) The offender's * * * age;
 {¶ 25} "(b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 26} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 27} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 28} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 29} "(f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 30} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 31} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 32} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 33} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C. 2950.09(B)(3).
 {¶ 34} Since appellant pleaded guilty, the court had only the presentence investigation (PSI) and the sexual predator evaluation on which to make its findings. Based on these documents, the court made the following findings.
 {¶ 35} Appellant was slightly younger than 25 years old when the offenses took place. (Tr. 10). Appellant has no prior sex offenses or other offenses. (Tr. 10). The victim was between four and six years old during the time appellant abused her. (Tr. 10-11). There was only one victim in this case. (Tr. 11). These offenses spanned a significant length of time and multiple offenses occurred against the victim. (Tr. 11). The sexual acts happened because of a relationship and a trust between appellant and his victim. (Tr. 11). With a child of such a young age, this crime involved a forceful situation. (Tr. 11).
 {¶ 36} The trial court considered the relevant factors in reaching its conclusion that appellant is a sexual predator. Furthermore, a review of the evidence supports the court's classification.
 {¶ 37} The sexual predator evaluation described the allegations that led to the indictment against appellant as follows. Appellant's six-year-old stepdaughter revealed to a social worker that her "dad" had, on five to ten occasions, perpetrated various sex acts on her. The victim also told the social worker that she had seen undressed men and women on the computer "doing what my dad was doing to me."
 {¶ 38} The evaluation also reported the results of a test called the STATIC-99, which is an actuarial instrument designed to estimate the probability of sexual recidivism among adult males who have been convicted of at least one sexual offense. Appellant scored a zero on the test, which indicated that he is in the "low" category for re-offending.
 {¶ 39} Additionally, in both the sexual predator evaluation and the PSI, appellant denied committing the acts to which he pleaded guilty.
 {¶ 40} While some of the R.C. 2950.09(B)(3) factors weighed in appellant's favor, such as only having one victim, having no prior offenses of a similar crime, and scoring in the "low" category for re-offending, other factors weighed against him. As the court noted, appellant's relationship with the victim facilitated the offense. Additionally, the victim was only between four and six years old when appellant abused her. And appellant abused the victim five to ten times, which shows a pattern of abuse. Thus, although appellant may have scored in the "low" range for re-offending and several other factors may weigh in his favor, the trial court had competent, credible evidence on which to base its sexual predator classification. The court evaluated the sexual predator factors and was able to conclude that given the ongoing abuse of such a young child by a person who held a position of trust in her life, appellant should be classified as a sexual predator. Competent, credible evidence supports the trial court's determination, and therefore, we will not reverse the sexual predator classification. Accordingly, appellant's second assignment of error is without merit.
 {¶ 41} For the reasons stated above, appellant's sexual predator classification is hereby affirmed. Appellant's sentence is hereby reversed and the matter is remanded for resentencing.
Vukovich, J., concurs. Waite, J., concurs.