OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Ramone A. Wagner, appeals the judgment entered by the Portage County Court of Common Pleas. Wagner was sentenced to an aggregate prison term of ten years for his convictions for rape and sexual battery.
 {¶ 2} Wagner engaged in sexual conduct with his 14-year-old daughter and is alleged to have engaged in sexual contact with her. As a result, Wagner was indicted on 11 counts, including three counts of rape, three counts of sexual battery, and five counts of gross sexual imposition. Count 1 of the indictment charged Wagner with rape, *Page 2 
in violation of R.C. 2907.02(A)(2) and a first-degree felony. Count 2 of the indictment charged Wagner with sexual battery, in violation of R.C.2907.03(A)(5) and a third-degree felony. Counts 1 and 2 of the indictment involve sexual conduct that occurred on August 9, 2006. Counts 3 and 5 of the indictment charged Wagner with rape, in violation of R.C. 2907.02(A)(2) and first-degree felonies. Counts 4 and 6 charged Wagner with sexual battery, in violation of R.C. 2907.03(A)(5) and third-degree felonies. The alleged incidents of sexual conduct forming the basis of Counts 3 through 6 of the indictment occurred between January 1, 2006 and August 8, 2006. Counts 7 through 10 of the indictment charge Wagner with gross sexual imposition, in violation of R.C. 2907.05(A)(1) and fourth-degree felonies, for alleged incidents of sexual contact that occurred between January 24, 2005 and August 8, 2006. Count 11 of the indictment charged Wagner with gross sexual imposition, in violation of R.C. 2907.05(A)(4) and a third-degree felony, for an alleged incident of sexual contact that occurred between January 24, 2004 and January 24, 2005, when the victim was less than 13 years old.
 {¶ 3} Wagner initially pled not guilty to all the counts of the indictment. However, he later withdrew his not guilty plea and pled guilty to counts 1 and 2 of the indictment. The trial court dismissed the remaining counts at the state's request.
 {¶ 4} The trial court sentenced Wagner to a ten-year prison term for his rape conviction. In addition, the trial court sentenced Wagner to a five-year prison term for his sexual battery conviction. These sentences were ordered to be served concurrently, resulting in an aggregate, ten-year prison sentence. In addition, Wagner was adjudicated a sexually-oriented offender.
 {¶ 5} Wagner raises the following assignment of error: *Page 3 
 {¶ 6} "The trial court abused its discretion when it imposed the maximum sentence upon the appellant and said sentence should be vacated."
 {¶ 7} The state of Ohio advances that the applicable standard of review for felony sentencing is de novo. Pursuant to State v.Payne, this court has held post-Foster felony sentencing is generally reviewed for abuse of discretion.[1] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2]
"[I]f the sentence falls within the statutory range for the offenses for which the defendant was convicted, then we presume that the trial court considered the sentencing criteria in imposing defendant's sentence even where the record is silent on that point."[3] There are certain limited circumstances, however, where the clear and convincing standard of review remains viable. For example, the clear and convincing standard of review will be employed where it is alleged the sentence is contrary to law.[4]
 {¶ 8} Prior to the Supreme Court of Ohio's decision in State v.Foster, trial courts were required to make a finding pursuant to R.C.2929.14(C) that the offender committed the "worst form of the offense," the offender "posed the greatest likelihood of committing future crimes," or make findings related to drug offenders or repeat violent offenders. However, R.C. 2929.14(C) was declared unconstitutional, because it required "judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant."[5] To remedy the unconstitutional nature of the statute, the Supreme Court of Ohio severed R.C. *Page 4 2929.14(C).[6] Following severance, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."[7]
 {¶ 9} Appellant argues the trial court essentially made a finding that Wagner committed the worst form of the offense and, therefore, the matter must be reversed. Wagner cites State v. Geary for the proposition that a finding of "worst form of the offense" requires the sentence be vacated.[8] It is important to note that the trial court in State v.Geary sentenced the defendant prior to the State v. Foster decision, when findings pursuant to R.C. 2929.14(C) were required in order to impose the maximum sentence.[9] State v. Geary does not hold that vacating the sentence is necessary when a trial court makes a finding of the worst form of the offense at a post-Foster sentencing hearing. Wagner was sentenced pursuant to the severed, post-Foster version of R.C. 2929.14. Thus, the State v. Geary holding is readily distinguishable from the case sub judice.
 {¶ 10} Moreover, it is important to note exactly what the trial court said. At the sentencing hearing, the trial court stated:
 {¶ 11} "Well, this Court has thought about this and even though you don't have an extensive criminal background, the nature of this offense considering it was with your own daughter just leads this Court to find that I have to give you the maximum in this case. This is not excusable." *Page 5 
 {¶ 12} R.C. 2929.12 is entitled "seriousness and recidivism factors." This statute is a "general guidance statute," which was not affected by the Foster decision.[10] R.C. 2929.12(B) lists several factors that indicate an offender's conduct is "more serious" than typical conduct that is a violation of the same offense. One of those factors is "the offender's relationship with the victim facilitated the offense."[11]
The trial court's finding that the offense was more serious because it was committed by Wagner on his own daughter is consistent with a finding under R.C. 2929.12(B)(6). Accordingly, the trial court did not err by making this finding.
 {¶ 13} In addition, Wagner argues that the trial court did not adequately consider the factors in R.C. 2929.12. While the trial court is required to consider the R.C. 2929.12 factors, "the court is not required to `use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12.]'"[12] Again, we note that the trial court's finding that the crime was committed by Wagner on his own daughter is consistent with a finding under R.C.2929.12(B)(6). Further, the trial court found that Wagner did not have "an extensive criminal background." This finding is consistent with a finding under R.C. 2929.12(E)(3), that "the offender had led a law-abiding life for a significant number of years." Thus, these findings suggest the trial court considered the seriousness and recidivism factors of R.C. 2929.12.
 {¶ 14} The trial court did not abuse its discretion by imposing a maximum, ten-year prison sentence on Wagner for his rape conviction. Further, since the record *Page 6 
suggests the trial court properly considered the R.C. 2929.12 factors, we do not find Wagner's sentence to be contrary to law.
 {¶ 15} Wagner's assignment of error is without merit.
 {¶ 16} The judgment of the trial court is affirmed.
[1] State v. Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, at ¶ 19.
[2] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[3] State v. Payne, supra, at ¶ 20.
[4] Id. See, also, e.g., State v. Burton, 10th Dist. No. 06AP-690,2007-Ohio-1941, at ¶ 19.
[5] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph one of the syllabus, citing Apprendi v. New Jersey (2000), 530 U.S. 466 andBlakely v. Washington (2004), 542 U.S. 296.
[6] Id., at paragraph two of the syllabus.
[7] Id., at paragraph seven of the syllabus.
[8] State v. Geary, 7th Dist. No. 06-CO-8, 2007-Ohio-599.
[9] Id. at ¶ 9.
[10] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 36-42. See, also, State v. Lloyd, 11th Dist. No. 2005-L-106, 2006-Ohio-6534, at ¶ 17-18.
[11] R.C. 2929.12(B)(6).
[12] State v. Webb, 11th Dist. No. 2003-L-078, 2004-Ohio-4198, at ¶ 10, quoting State v. Arnett (2000), 88 Ohio St.3d 208, 215.